**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GARDNER BRADLEY,**

    **Plaintiff,**

**v.**                                                       **Civil Action No. 2:07cv68**
                                                             **(Judge Maxwell)**

**LT. CLEMENS, LT. BERRIOS, JOE**
**DRIVER, KIM WHITE, GENERAL COUNSEL,**

    **Defendants.**

## ORDER TO ANSWER

On August 28, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. In the complaint, the plaintiff seeks the release of certain information in the possession of the Federal Bureau of Prisons ("BOP") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The plaintiff was granted permission to proceed as a pauper on October 11, 2007. Accordingly, this case is before the undersigned for a preliminary review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and LR PL P 83.02, et seq.

Based upon a preliminary review of the complaint, the undersigned finds that summary dismissal is not appropriate **at this time**. However, the undersigned notes that the FOIA requires government agencies to disclose to the public any requested document unless the agency proves that the document falls within one of nine statutory exemptions. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 136 (1975). Thus, when an agency has denied an individual access to requested records, the individual may file suit against the *agency* in the appropriate District Court. 5 U.S.C. § 552 (a)(4)(B) (emphasis added). Here, rather than name the appropriate agency as the defendant in this case, the plaintiff has named the individual employees who denied his requests. This is

improper. Accordingly, the Clerk is directed to **TERMINATE** the individually named federal defendants and **SUBSTITUTE** the BOP as the proper party defendant.

The **Clerk** is then directed to issue a **sixty (60) day** summons for the defendant, Bureau of Prisons.[1] Service shall be made upon the BOP by sending a copy of the summons, a copy of this Order, and a copy of the complaint to the BOP in Washington, D.C., by certified United States mail, return receipt requested. Service shall also be made upon the United States by sending a copy of this Order, a copy of the complaint, and a completed summons to the United States Attorney for the Northern District of West Virginia and the Attorney General of the United States in Washington, D.C., by certified United States mail, return receipt requested.

Plaintiff has **thirty (30) days** from the date a response is filed to file any reply he may have. Pursuant to Rule 7 of the Federal Rules of Civil Procedure, no other pleadings will be accepted without the express order of the court upon a timely motion duly made.[2]

IT IS SO ORDERED.

The Clerk is also directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: December 21, 2007.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the defendant is a United States agency, it has 60 days to answer the complaint. See Fed.R.Civ.P. 12(a)(3)(A).

[2] "There shall be a complaint and an answer . . . [n]o other pleading shall be allowed, except that the court may order a reply to an answer . . ." Fed.R.Civ.P. 7(a).