IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARDNER BRADLEY,

        Plaintiff,

v.                                                Civil Action No. 2:07cv68
                                                (Judge Maxwell)

BUREAU OF PRISONS,

        Defendant.

## ORDER DENYING MOTION FOR DISCOVERY
## AND FOR APPOINTED COUNSEL

This case was initiated by the *pro se* plaintiff on August 28, 2007, by the filing of a civil rights complaint. The plaintiff was granted permission to proceed as a pauper on October 11, 2007. In accordance with 28 U.S.C. §§ 1915(e), 1915A and LR PL L 83.01, et seq., the undersigned conducted a preliminary review of the complaint on December 21, 2007, and directed the defendant to file an answer. An answer is due on February 25, 2008. This case is now before the Court on the plaintiff's combined motion for discovery and for appointment of counsel. (Dckt. 16.)

### I. Motion for Discovery

Pursuant to Rule 26(a)(1)(E)(iii), discovery is not permitted in "an action brought without counsel by a person in custody of the United States, a state, or a state subdivision," without the express permission of the Court. Being that the defendant has not yet filed an answer, the undersigned finds that discovery is premature. Accordingly, the petitioner's motion for discovery (dckt. 16-1) is **DENIED without prejudice**.

### II. Motion for Counsel

In contrast to criminal proceedings, appointment of counsel in a civil case is not a constitutional right; it is a decision within the Court's discretion. See 28 U.S.C. § 1915(e)(1). The

Court should request counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir 1984).

In this case, the plaintiff has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner. Accordingly, the plaintiff's motion for appointed counsel (dckt. 16-2) is **DENIED.**

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff and counsel of record, as applicable.

DATED: January 9, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE