IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**GARDNER BRADLEY,**

  Plaintiff,

v.               Civil Action No. 2:07cv68
                  (Judge Maxwell)

**FEDERAL BUREAU OF PRISONS,**

  **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

  The *pro se* plaintiff initiated this case on August 28, 2007, by filing a Freedom of Information Act complaint against individuals working for the above-name defendant. The plaintiff paid his initial filing fee on September 11, 2007. Also, on September 11, 2007, the plaintiff was granted permission to proceed as a pauper. Consequently, on December 21, 2007, the undersigned conducted a preliminary review of the file and ordered that the Clerk terminate the individually named federal defendants and substitute the Bureau of Prisons ("BOP") as the proper party. In addition, the undersigned determined that summary dismissal was not appropriate at that time. Thus, the Clerk was directed to issue summonses and forward copies of the complaint to the United States Marshal Service for service of process.

  On February 25, 2008, the defendant filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. A Roseboro Notice was issued three days later.

  On March 3, 2008, the plaintiff filed a Response to the Defendant's Motion to Dismiss.

On March 12, 2008, the defendant filed a Reply to the plaintiff's Response.

This case is before the undersigned for a Report and Recommendation on the defendant's Motion to Dismiss or for Summary Judgment.

## II. The Pleadings

### A. The Complaint

Plaintiff is incarcerated at the United States Penitentiary, Hazelton, located in Bruceton Mills, West Virginia ("USP Hazelton"). Plaintiff brings this suit pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Plaintiff asserts that "all documents in possession of BOP official(s) for [the] threat assessment of [plaintiff] should be provided at government['s] expense in light of [plaintiff's] indigency (sic) before the courts." Plaintiff further asserts that the General Counsel of BOP has not filed a written response to his request, pursuant to FOIA, within twenty (20) working days. As relief, the plaintiff requests portions of his threat assessment investigation, pursuant to FOIA that are available to him. He further requests that all the non-release portions be indicated as such in the release. Plaintiff also seeks injunctive sanctions and punitive damages.

From March 21, 2006 to November 13, 2006, the plaintiff was incarcerated at USP Hazelton. On August 7, 2006, Plaintiff was placed on Administrative Detention at USP Hazelton for threat assessment. Between January 25, 2007, and June 25, 2007, plaintiff was designated to the United States Penitentiary, McCreary, located in Pine Knot, Kentucky (USP McCreary). On June 2, 2007, plaintiff submitted an Inmate Request to Staff form to the Warden at USP McCreary, requesting the "release of all tangible documents relating to the investigation . . . (of his) threat assessment." On June 6, 2007, plaintiff submitted a letter to the Mid-Atlantic Regional

2

Office (MXRO), requesting the documents related to his threat assessment investigation. On June 8, 2007, staff at the MXRO referred the matter to USP McCreary staff for response. On June 20, 2007, the Warden of USP McCreary responded to plaintiff's June 2, 2007 request to his office and to the June 6, 2007 request to the MXRO. In his response, the Warden informed the plaintiff that he should file a FOIA request for the documents pertaining to his threat assessment. Additionally, the Warden also provided the address for the appropriate BOP office that processes FOIA claims.

On June 25, 2007, plaintiff transferred out of USP McCreary, was designated again to USP Hazelton. On June 26, 2007, plaintiff again submitted an Inmate Request to Staff at USP Hazelton, requesting "all tangible document(s) relevant to the investigation by USP Hazelton prison official(s) for threat assessment." On July 24, 2007, the Warden at USP Hazelton responded to the Request, providing that plaintiff's threat assessment investigation was deemed sensitive and considered FOIA exempt from release. On July 30, 2007, the Associate Warden at USP Hazelton responded to plaintiff's Inmate Request to Staff, addressed to the Associate Warden. Plaintiff specified the same request from June 26, 2007. The Associate Warden also provided that the plaintiff's threat assessment investigation was FOIA exempt from release.

**B.     The Defendant's Motion**

In its Motion, the defendant asserts that the plaintiff's FOIA claim should be dismissed because the plaintiff has failed to exhaust his administrative remedies. Furthermore, the defendant asserts that if the plaintiff would have filed a formal FOIA request, and included a request for a waiver of fees for copies, his request would have been denied. Additionally, the defendant asserts that plaintiff's perceived indigence would not have allowed the plaintiff to have

the fees waived.

## C. The Plaintiff's Reply

In his Reply, plaintiff asserts that he provided a petition dated July 12, 2007, to staff at USP Hazelton to be mailed to the Federal Bureau of Prisons General Counsel requested "the release of information in the possession of BOP official(s) for the threat assessment of prisoner," pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Second, plaintiff asserts that the General Counsel did not provide a timely written response to his original complaint on August 27, 2007. Moreover, plaintiff contends that BOP obstructed the process of FOIA by not providing a written response advising him of his appeal rights to the Office of Information and Privacy (OIP). Third, plaintiff asserts that USP Hazelton's law library computer software deprives him of access to the courts. Finally, plaintiff asserts that he does not feel safe because of possible retaliation for his actions.

## D. The Defendant's Response

In its Response, defendant asserts that it has no record of plaintiff's July 12, 2007 or August 27, 2007 petitions. Additionally, the defendant asserts that the petitioner has had adequate access to the prison's law library. Moreover, defendant asserts that all of the plaintiff's new claims, including the access and retaliation claims have not been fully exhausted.

## III. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the well-pleaded material factual allegations. Advanced Health Care Services, Inc. V Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a

claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it si clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.** **Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth or limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The

5

nonmoving party must present specific facts showing the existence of a genuine issue at trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

### IV. Analysis

#### A. Exhaustion

In regards to FOIA litigation, "exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Hidalgo v. Federal Bureau of Investigation, 344 F.3d 1256, 1258 (D.C. Cir. 2003). A requester such as the plaintiff may generally seek judicial review of his FOIA request only after he has exhausted all administrative remedies. See Kessler v. United States, 899 F.Supp. 644 (D. D.C. 1995); see also Pollack v. Department of Justice, 49 F.3d 115 (4th Cir. 1995). Furthermore "failure to exhaust precludes judicial review." See Hidalgo, 344 F.3d at 1258.

The Department of Justice (to include the Federal Bureau of Prisons[1]) has developed procedures for the processing of FOIA requests. An individual may make a FOIA request by contacting the DOJ department that maintains the records in question. 28 C.F.R. § 16.3(a). Specifically, requests for BOP records should be filed with the Director of the Federal Bureau of

Prisons. If the department denies the request, it must give the requester appeal rights. 28 C.F.R. § 16.6(c)(4). An individual who is dissatisfied with the component's response may appeal to the Department of Justice's Office of Information and Privacy ("DIP"). 28 C.F.R. § 16.9(a). If an individual wishes to seek judicial review, that individual must appeal to OIP prior to doing so. 28 C.F.R. § 16.9 (c).

In the present action, the record shows that plaintiff did not file a formal FOIA request to the BOP seeking a copy of his threat assessment investigation. See Motion (dckt. 21) Exhibit 2. However, the plaintiff did make two formal FOIA requests with the Bureau of Prisons. Id. Again though, neither of these requests specifically or implicitly asked for copies of plaintiff's threat assessment investigation. Id. Instead, in one of the requests, plaintiff sought only the mailing addresses for the Post Master General of the United States Postal Service, Amnesty International, and the United Nations International Courts. It is beyond fair to state that because these addresses are not BOP records, his request could not be processed by the BOP. In the other request, plaintiff again requested the addresses for the aforementioned agencies. Again, these requests were denied. However, the BOP allowed the plaintiff to resubmit his request. Hence, the plaintiff's only formal requests have been for mailing addresses, not his threat assessment report documentation. Furthermore, even if he had filed a formal request, plaintiff has not even come close to fully exhausting his administrative remedies. Therefore, plaintiff's complaint should be dismissed.

### V. Recommendation

For the foregoing reasons, the undersigned recommends that the defendant's Motion to Dismiss, or for Summary Judgment (dckt. 21) be **GRANTED** and that the complaint be

**DISMISSED without prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objection. A copy of any objections should be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 23, 2008

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE